IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| PRINCESS L. BROWN, <br><br> Plaintiff, <br><br> v. <br><br> SECRETARY OF THE DEPARTMENT OF VETERANS AFFAIRS, <br><br> Defendant. | HONORABLE KAREN M. WILLIAMS <br><br> Civil Action <br> No. 1:24-cv-08196-KMW-AMD <br><br> Opinion |

**Princess L. Brown**

*Plaintiff, pro se*

**Kevin J. Maggio, Esq.**
DOJ-USAO, DISTRICT OF NEW JERSEY
401 Market Street
P.O. Box 2098
Camden, NJ 08101

*Counsel for the Secretary of the U.S. Department of Veterans Affairs*

**WILLIAMS, District Judge:**

I.  INTRODUCTION

Plaintiff Princess L. Brown ("Plaintiff"), proceeding *pro se*, brings this action against her former employer, the U.S. Department of Veterans Affairs (the "VA"), alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-16(a), and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 633a(a). Specifically, Plaintiff claims that she was subjected to reprisals and a hostile work environment, which she asserts were in retaliation for certain past complaints of retaliation and discrimination.

Presently before the Court is the VA's Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), which Plaintiff has opposed. For the reasons set forth below, the VA's Motion is granted.

## II.     BACKGROUND

Plaintiff previously worked for the VA as a legal administrative specialist. In this role, she worked remotely from home, assisting veterans and their families over the telephone with benefits-related questions. Plaintiff alleges that prior to her retirement in February 2023, she was subjected to a persistent campaign of harassment, which she maintains was in retaliation for her "prior EEO activity," including a "civil lawsuit" she had previously pursued against the VA. (ECF No. 1 at 3.)

Although not entirely clear from the pleadings, Plaintiff appears to have pursued at least nine EEO complaints against the VA since 2014. (ECF Nos. 1 at 8; 1-7 at 1.) The Complaint does not disclose the exact nature or timing of these complaints. However, concerning the "civil lawsuit" Plaintiff references, the Court observes that this was a civil action she initiated in this District against the VA in February 2021.[1] The Court further observes that her complaint there asserted claims for, among other things, retaliation for her prior EEO activity, as well as discrimination on the basis of race and age. That case was subsequently transferred to the Eastern District of Pennsylvania on January 4, 2022, where it was ultimately dismissed by stipulation on July 1, 2022.[2]

---

[1] *See Brown v. Department of Veterans Affairs*, No. 1:21-cv-02732-KMW-AMD (D.N.J.).

[2] *See Brown v. Department of Veterans Affairs*, No. 2:22-cv-00007-AB (E.D. Pa.).

### A.     Relevant Facts

Plaintiff first alleges a sustained campaign of electronic harassment. Specifically, she avers that "[a]fter [her] first EEOC case in [January] 2020," she began receiving a high volume of what she describes as harassing or unusually demanding calls routed to her through the VA's national call center. (ECF No. 1 at 6.) During these calls, Plaintiff was required to needlessly and repeatedly access "many systems" and "records," causing her to develop carpal tunnel syndrome, cubital tunnel syndrome, and trigger thumb. (*Id.* at 3–4.) However, Plaintiff also appears to allege that everything from the transferred callers to the records were "fake," and that they all were part of an orchestrated scheme by "management" that caused or exacerbated these conditions. (*Id.* at 3–4, 6–7.)

This campaign allegedly escalated in October or November of 2022, when someone at the VA hacked her home internet network and caused the "whole military record and VA file" of her son (a veteran) to be displayed on her computer. (*Id.* at 6.) Those records also contained certain sensitive information regarding her grandchildren and her husband (also a veteran). (*Id.*) Plaintiff further alleges that shortly after reporting the incident to the FBI, she received an email from the VA's human resources department emphasizing the importance of securing personal data and privacy. (*Id.*) Plaintiff interprets the email—which included the statement, "behind every piece of information or data we secure is a human being who has a right to the protection and privacy of their data"—as a veiled threat (*i.e.*, that the VA "had [her] family's information" and that she "should keep it safe."). (*Id.*)

Lastly, Plaintiff alleges that on June 22, 2022, she was denied a within-grade pay increase. (*Id.* at 7.) According to a memorandum from her supervisor, the denial was based on her failure to meet the required standard for the "Talk Time" performance metric, which measured the average

length of customer calls. (ECF No. 1-4.) The memo states that Plaintiff's average talk time for the rating period (October 1, 2021, through June 17, 2022) was 9 minutes and 35 seconds—exceeding the maximum allowable time of 8 minutes and 30 seconds. (*Id.*)

### B. Procedural History

Approximately two weeks before her retirement, Plaintiff raised the foregoing issues with a VA EEO counselor. (ECF No. 1-7.) Informal counseling concluded when, according to the VA, it emailed Plaintiff a Notice of Right to File a Discrimination Complaint ("NRTF") on March 15, 2023. (*Id.*) Under applicable EEOC regulations, Plaintiff was required to file a formal complaint with the VA within 15 days of receipt of the NRTF. *See* 29 C.F.R. § 1614.105(d).

Plaintiff filed a formal EEO complaint with the VA on August 16, 2023. (ECF No. 19-3.) Apparently anticipating a timeliness challenge, Plaintiff acknowledged that—although the NRTF was dated March 15—she had not actually received it until earlier that same day. (ECF No. 19-4.) The VA ultimately dismissed her complaint as untimely, presuming receipt on March 15. (ECF No. 1-7.) The EEOC later affirmed that dismissal, finding no reason to question the presumption of timely delivery. (ECF No. 1-15.)

Plaintiff filed the instant Complaint on July 29, 2024, invoking Title VII and the ADEA. (ECF No. 1.) She seeks: (1) punitive damages; (2) two-years' salary; (3) reversal of the VA's denial of her within-grade increase; (4) reimbursement for two months' salary for the period in which she was purportedly on medical leave without pay recovering from two surgeries; (5) compensation for "Lifelock services" to protect her and her family's personal information; (6) reimbursement of all legal expenses; and (7) that the Court "admonish the [VA] in order bring to [its] attention that [this] is a criminally serious matter within a federal agency." (*Id.* at 4–5, 7–8.)

### III. LEGAL STANDARD

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)).

Complaints subject to dismissal under Rule 12(b)(6) are generally analyzed under the pleading standard set forth in Rule 8(a), which demands that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557).

Where, like here, a plaintiff proceeds *pro se*, her pleading is liberally construed and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). Even so, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## IV.   DISCUSSION

Liberally construing the Complaint, the Court gleans two claims under Title VII and the ADEA for (1) retaliatory hostile work environment based on the alleged harassment; and (2) retaliation in connection with the denial of a pay increase.[3] In the instant Motion, the VA seeks dismissal of the Complaint based on failure to exhaust administrative remedies or, alternatively, for failure to state a claim. The Court addresses each argument in turn.

### A.   Failure to Exhaust Administrative Remedies

Before a federal employee can sue her employer in court for violations of Title VII, she must first exhaust her administrative remedies. *See, e.g.*, *Green v. Brennan*, 578 U.S. 547, 552 (2016); *see also Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997). "The ADEA likewise requires a plaintiff to exhaust all available remedies when she elects to proceed administratively." *Slingland v. Donahoe*, 542 F. App'x 189, 191 (3d Cir. 2013) (citing *Purtill v. Harris*, 658 F.2d

---

[3] While Title VII and the ADEA generally prohibit discrimination in the federal sector, neither statute contains a distinct antiretaliation provision applicable to government employees. Even so, each statute's antidiscrimination provision has been interpreted to allow federal employees to bring claims for retaliation and retaliatory hostile work environment. *See, e.g.*, *Komis v. Sec'y of United States Dep't of Lab.*, 918 F.3d 289, 294 (3d Cir. 2019); *Gomez-Perez v. Potter*, 553 U.S. 474, 479 (2008). The reasoning follows that where a federal employee experiences retaliation for complaining about discrimination, she is effectively suffering a form of discrimination. *See Kocher v. Sec'y United States Dep't of Veterans Affs.*, No. 23-1108, 2023 WL 8469762, at *2 (3d Cir. Dec. 7, 2023) (citing *Babb v. Wilkie*, 589 U.S. 399, 402 (2020)); *see also Gomez-Perez*, 553 U.S. at 488.

134, 138–39 (3d Cir.1981)).[4] To exhaust those remedies, the employee must pursue her claims through the administrative process prescribed by the EEOC. *See Green*, 578 U.S. at 553.

The relevant process here first required Plaintiff to make a report to a VA EEO counselor within 45 days of the allegedly unlawful acts. *See* 29 C.F.R. § 1614.105(a)(1). As the matter could not be resolved through informal counseling, the EEO counselor was required to send written notice to Plaintiff advising her of her right to file a formal complaint "within 15 days of receipt of the [NRTF]." 29 C.F.R. § 1614.105(d). Federal agencies are required to dismiss any untimely complaint filed beyond this 15-day period. *See* 29 C.F.R. § 1614.107(a)(2). So too are federal courts required to dismiss such complaints, absent exceptional circumstances. *See, e.g., Haines v. Adm'r, U.S. Fed. Transit Admin.*, 579 F. App'x 63, 65 (3d Cir. 2014) (observing that the failure to file EEO complaint within 15-day period constitutes a failure to exhaust administrative remedies); *see also Winder v. Postmaster Gen. of U.S.*, 528 F. App'x 253, 255 (3d Cir. 2013) (observing that the failure to comply with EEO limitations periods generally constitutes a failure to exhaust administrative remedies and bars relief).

The "burden of pleading and proving that [a] plaintiff has failed to exhaust administrative remedies" lies with the defendant. *Williams v. Runyon*, 130 F.3d 568, 573 (3d Cir. 1997). Procedurally speaking, this is an affirmative defense generally raised by the defendant in an answer to a complaint. However, in this Circuit, defendants are permitted to raise it on a Rule 12(b)(6) motion—provided that the failure to exhaust "is apparent from the face" of the pleadings. *Clarkson v. SEPTA*, 700 F. App'x 111, 114 (3d Cir. 2017); *see also Thomas v. Brinich*, 579 F. App'x 60, 62

---

[4] Unlike Title VII, the ADEA provides two options for pursuing claims. First, the plaintiff may elect to forego administrative action entirely and file suit in federal district court after giving the EEOC thirty days' notice of intent to sue. *See* 29 U.S.C. § 633a(d). Alternatively, she may file a complaint with the EEOC and commence suit following its determination should she be dissatisfied with the EEOC disposition. *See id.* §§ 633a(b)–(c); *see also Slingland v. Donahoe*, 542 F. App'x 189, 193 (3d Cir. 2013) (discussing 29 U.S.C. §§ 633a(b)–(d)).

(3d Cir. 2014). Consistent with this exception is the Court's obligation to constrain its review to the complaint and documents attached thereto. *See* Fed. R. Civ. P. 12(d) (prohibiting reliance on "matters outside the pleadings" when considering a Rule 12(b)(6) motion).

Here, the VA contends that Plaintiff received the NRTF on March 15, 2023, but did not file her formal complaint until August 16—well beyond the 15-day deadline. The problem, however, is that Plaintiff's receipt of the NRTF is not "apparent from the face" of the pleadings. *Clarkson*, 700 F. App'x at 114.

As a starting point, the Complaint affirmatively alleges that Plaintiff received the NRTF for the first time on August 16, 2023—not on March 15, as the VA contends. (ECF No. 1 at 7.) Absent some other proof within the pleadings demonstrating a different date of receipt, the Court must accept this allegation as true. *See Iqbal*, 556 U.S. at 678 (discussing presumption of truth at the pleadings stage); *see also Goldenberg v. Indel, Inc.*, 741 F. Supp. 2d 618, 624 (D.N.J. 2010) (recognizing that presumption of truth does not apply to factual allegations contradicted by documents attached to the complaint). The pleadings here, however, contain no such proof. Indeed, the Court has yet to even see the NRTF or the email to which it was allegedly attached. The only "proof" of receipt the VA identifies in the pleadings comes from its own written dismissal of Plaintiff's complaint and the EEOC's subsequent decision affirming that dismissal. (ECF Nos. 1-7, 1-15.) While those documents recite and embrace the VA's position, neither constitute evidence of actual receipt.

To be clear, the Court does not find that Plaintiff has successfully exhausted her administrative remedies. It may very well be the case that Plaintiff did receive the NRTF as the VA contends. But finding as much on the pleadings here would require the Court to either take the VA for its word or adopt the EEOC's determination wholesale; neither is appropriate. *See Simko*

*v. United States Steel Corp*, 992 F.3d 198, 215 (3d Cir. 2021) ("[W]hen a district court considers whether a plaintiff has exhausted [her] administrative remedies, '[n]o deference may be accorded the EEOC or the complaint investigator's finding with respect to the plaintiff's compliance.'"); *see also Chandler v. Roudebush*, 425 U.S. 840, 846 (1976) (recognizing that federal employees have right to trial *de novo* following administrative process).

For these reasons, the Court denies the VA's Motion, but does so without prejudice to its right to raise and prove its affirmative defense in the future.[5]

### B. Failure to State a Claim

Alternatively, the VA submits that the Complaint should be dismissed because Plaintiff has failed to allege sufficient facts to support a plausible claim for retaliation. Specifically, the VA argues that she has failed to allege that any of the adverse employment actions she describes were plausibly motivated by her prior EEO complaints. The Court agrees.

To state a retaliation claim under Title VII and the ADEA, a plaintiff must plead "sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence of the following elements: (1) she engaged in conduct protected by [the statutes]; (2) the employer took adverse action against her; and (3) a causal link exists between her protected conduct and the employer's adverse action." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016); *see also Rizas v. DeJoy*, No. 21-cv-20396, 2023 WL 4295834, at *5 (D.N.J. June 30, 2023).

The "causal link" referenced in the third prong embodies a plaintiff's burden to plead, and ultimately prove, that an adverse employment action was based on an unlawful retaliatory animus;

---

[5] The Court acknowledges that the VA has also moved to dismiss the Complaint on exhaustion grounds insofar as it attempts to assert claims for race or age discrimination—claims that were never raised during the administrative proceedings. This challenge is undoubtedly occasioned by Plaintiff's interchangeable use of the terms "retaliation" and "discrimination" which, although imprecise and perhaps confusing, is not entirely wrong. *See supra* note 3. Regardless, the Court need not address the VA's argument because it has already construed the Complaint as asserting claims for retaliation and retaliatory hostile work environment.

that is, the "engagement in a protected activity was the *likely reason* for the adverse employment action." *Carvalho-Grevious v. Delaware State Univ.*, 851 F.3d 249, 253 (3d Cir. 2017) (emphasis in original). To survive a motion to dismiss, a plaintiff's allegations must be sufficient to raise a "reasonable inference of a causal connection" between her protected activity and the retaliatory conduct. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 793 (3d Cir. 2016). This standard also applies to claims of retaliatory hostile work environment. *See Komis v. Secretary of the United States Department of Labor*, 918 F.3d 289, 293 (3d Cir. 2019) (requiring plaintiff to show that hostile work environment was "because of her protected activity").[6]

Here, Plaintiff's allegations center on a sustained campaign of electronic harassment. But beyond merely asserting that this alleged harassment was in retaliation for her prior EEO activity, the Complaint offers virtually no facts to reasonably infer the same. The only relevant allegation Plaintiff offers is that the harassment began, at some unspecified time, "[a]fter [her] first EEOC case in [January] 2020." (ECF No. 1 at 6.) This allegation is deficient in two key respects. First, Plaintiff does not clearly identify any protected activity—is she referring to the initial filing of an EEOC complaint or simply the conclusion of an EEOC matter? Second, she does not describe, even in approximate terms, when that alleged harassment began; rather, she only indicates that it occurred "after" some protected activity. The mere fact that the harassment occurred "after" some EEO activity does not imply a retaliatory animus. *See, e.g.*, *Daniels v. Sch. Dist. of Philadelphia*, 776 F.3d 181, 196 (3d Cir. 2015) (observing that causal connection can be inferred by "unusually suggestive" temporal proximity between retaliatory act and protected activity).

---

[6] For the sake of completeness, the Court notes that a claim for retaliatory hostile work environment consists of five elements: (1) the plaintiff suffered intentional discrimination because of her protected activity; (2) the discrimination was severe or pervasive; (3) the discrimination detrimentally affected her; (4) it would have detrimentally affected a reasonable person in like circumstances; and (5) a basis for employer liability is present. *See Komis*, 918 F.3d 289 at 293; *see also see also Watkins v. Pennsylvania Dep't of Corr.*, No. 22-1426, 2023 WL 5925896, at *2 (3d Cir. Sept. 12, 2023).

Plaintiff also challenges the June 2022 denial of a pay increase. However, the Court is not convinced that Plaintiff has pled a distinct retaliation claim. The Complaint acknowledges that this denial was based on Plaintiff's failure to meet the required "Talk Time" metric, missing the threshold by 1 minute and 5 seconds. Plaintiff does not dispute this explanation. Instead, she seems to allege that the denial was unfair considering the strain imposed by the retaliatory phone calls. That is, the calls made her overexert her hands, caused or exacerbated certain hand injuries, and hindered her ability to hit a performance target—all of which *led to* the denial of a pay increase. This is not the same as alleging that the denial itself was motivated by her prior protected activity. What is more, Plaintiff does not allege that the supervisor who denied the increase was even aware of her prior EEO activity, much less motivated by it. *See Bishop v. United States Dep't of Agric.*, 725 F. App'x 165, 167 (3d Cir. 2018) (affirming dismissal of retaliation claims where plaintiff failed to plausibly allege that relevant decisionmaker had knowledge of prior protected activity); *see also Giuseffi v. Sec'y United States Dep't of Homeland Sec.*, 810 F. App'x 96, 97 (3d Cir. 2020) ("One cannot retaliate without first knowing that the target engaged in protected activity."). At most, Plaintiff's allegations characterize the denial as a downstream effect of a broader hostile work environment. While that may potentially be relevant for purposes of damages, it is not independently actionable in the absence of facts suggestive of a retaliatory motive. *See, e.g.*, *Moore v. City of Philadelphia*, 461 F.3d 331, 342 (3d Cir. 2006) (recognizing that adverse employment action is not actionable absent an intent to retaliate for prior protected activity).

In short, the Complaint fails to allege sufficient facts to support a reasonable inference of causation with respect to any of the challenged conduct. It lacks the temporal specificity or factual context necessary to link any adverse treatment to a specific activity protected by Title VII or the

ADEA. As such, Plaintiff has not plausibly alleged a claim for retaliation or retaliatory hostile work environment.[7]

## V.    CONCLUSION

For the reasons articulated above, the Court grants the VA's Motion and dismisses the Complaint without prejudice. Plaintiff is granted leave to replead her claims, consistent with the Order accompanying this Opinion.

Date: July 29, 2025

KAREN M. WILLIAMS
U.S. DISTRICT COURT JUDGE

---

[7] The VA has also argued that, to the extent the Complaint attempts to assert other causes of action beyond those discussed herein, they should be dismissed on jurisdictional grounds because the Civil Service Reform Act restrains Plaintiff's remedies. The VA's argument appears to be directed toward a portion of the Complaint in which Plaintiff "request[s] consideration of applicable Tort laws to be applied for the abuse of federal resources to cause physical injury and causing [her] emotional grief over the illegal access of [her] family's information." (ECF No. 1 at 7.) In this Court's view, Plaintiff's "request" is far too vague to be construed as raising any distinct claim, much less one under tort law. As such, it is unnecessary to address the VA's argument at this time.