**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PRINCESS L. BROWN,<br><br>Plaintiff,<br><br>v.<br><br>SECRETARY OF THE DEPARTMENT OF VETERAN AFFAIRS,<br><br>Defendant. | Civil Action<br>No. 1:24-cv-08196-KMW-AMD<br><br>**OPINION** |

**Princess L. Brown**
104 Haddon Road
Brown Mills, NJ 08015

*Plaintiff, pro se*

**Kevin J. Maggio, Esq.**
DOJ-USAO, DISTRICT OF NEW JERSEY
401 Market Street
P.O. Box 2098
Camden, NJ 08101

*Counsel for the Secretary of the U.S. Department of Veterans Affairs*

**WILLIAMS, District Judge:**

## I. INTRODUCTION

Plaintiff Princess L. Brown, proceeding *pro se*, brings this action against her former employer the Department of Veterans Affairs (the "VA")[1] alleging that employees retaliated against her for prior equal employment opportunity ("EEO") activity and mishandled her ensuing

[1] The Secretary has been substituted for his predecessor, Denis R. McDonough, under Federal Rule of Civil Procedure 25(d), a rule governing public officers sued in an official capacity. (ECF No. 32 at 1 n.1.) Plaintiff originally names "Denis R. McDonough Secretary, Department of Veteran Affairs" as the defendant in this matter. (ECF No. 1 at 1.) Plaintiff in her Amended Complaint changes the case caption to recognize the defendant as "Secretary of the Department of Veterans Affairs." (ECF No. 28 at 1.) Looking to the allegations and the nature of Plaintiff's claims, the Court construes this change as Plaintiff recognizing her claims are against the Department of Veteran Affairs, rather than the Secretary himself. Therefore, the Court herein identifies Defendant as the "VA" in this opinion.

complaints. After this Court dismissed her original Complaint without prejudice, she filed an Amended Complaint asserting a Fifth Amendment claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and a claim under 42 U.S.C. § 1983. Her supplemental filing confirms that she also intends to pursue her retaliation and retaliatory work environment claims under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act ("ADEA"). Before the Court is the Secretary's motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 32.) For the reasons below, the motion is GRANTED.

## II. BACKGROUND

Generally, "the amended complaint 'supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading.'" *W. Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 171 (3d Cir. 2013) (quoting *New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc.*, 101 F.3d 1492, 1504 (3d Cir. 1996)). Although Plaintiff provided fairly detailed allegations in her initial Complaint (*see* ECF No. 1), Plaintiff's Amended Complaint provides few facts to support her claims (*see* ECF No. 28). In her "preemptive response," Plaintiff states that "[t]he Amended Complaint supplements the original filing with additional factual detail." (ECF No. 31 at 2.) Accounting for the "less stringent" *pro se* pleading standard, the Court reads this statement as incorporating the previously alleged facts into her Amended Complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (finding "however inartfully pleaded, [*pro se* plaintiffs] must be held to less stringent standards than formal pleadings drafted by lawyers."). Therefore, the Court construes Plaintiff's submissions liberally and recounts the allegations in her original Complaint, Amended Complaint, and supplement in the light most favorable to her.

In her original Complaint Plaintiff invoked Title VII and the ADEA. (ECF No. 1 at 1–3.) Plaintiff alleges that she worked for the VA's National Call Center, including remotely, until her retirement on February 28, 2023. (*Id.* at 3.) She describes an earlier EEO matter beginning in or around January 2020 and attributes a range of later workplace events to retaliation for her complaints of discrimination. (ECF No. 1 at 3, 6–7.)

Although Plaintiff's allegations are difficult to follow the Court gleans that Plaintiff relies on the following factual scenarios to support her allegations:

**Plaintiff's Allegations Related to Her Retaliation and Harassment Claims Based on Her Prior EEO Filing**

- Plaintiff alleges that after her first EEO case, she received increased harassing telephone calls routed through VA call centers. (*Id.* at 6.) She maintains that some calls or records were fabricated and that the VA could manipulate the time she spent helping callers and moving between calls, thereby affecting performance measures. (*Id.*) She says she reported these events by email, instant message, telephone, and screen sharing, including to her supervisor, Patrick Arnold, but that the VA did not meaningfully investigate them. (*Id.* at 6–7.) Plaintiff also alleges that records displayed on her work computer contained information about her husband, children, and grandchildren, including her son's military and VA records; that a displayed document called her a "witch"; and that a purported caller asked whether she ate watermelon. (*Id.* at 6.) She describes an April 2021 human resources email concerning data security as a threatening reference to her family's information, shortly after she submitted a cybercrime report. She says she reported her concerns to the FBI, the VA Office of Inspector General, the Office of Special Counsel ("OSC"), the VA's Office of Resolution Management ("ORM"), the EEOC, and elected officials. (*Id.* at 6.)

**Plaintiff's Allegations Related to Her Retaliation Claim Based on Her Medical Condition**

- Plaintiff also alleges that the VA delayed providing her with equipment recommended after her August 2020 hand surgery. (ECF No. 1 at 4, 7.) Although her doctor requested an accommodation in October 2020, she says the VA did not provide equipment until April 2021. (*Id.*) She attributes additional pain, a second surgery in August 2022, and unpaid medical leave to the allegedly abusive calls and delayed accommodation. (*Id.*) Plaintiff also challenges the denial of a within-grade pay increase in June 2022 and says she was forced to retire. (*Id.* at 4.) She seeks restoration of her pay grade, lost wages, legal expenses, and other compensation. (*Id.* at 3, 6–7.) Her pleading identifies these events as retaliation and harassment based on prior EEO activity, including complaints concerning race and age. (*Id.* at 7.)

**Plaintiff's Allegations Related To Her Perceived Procedural Irregularities**

- A substantial part of Plaintiff's narrative concerns the handling of her administrative complaints. She alleges that an ORM counselor, Bruce MacDougall, said he would contact her department but received no response; that his communications were not placed in the file sent to the EEOC; and that, after a supervisor asked Plaintiff to forward correspondence she had received, Plaintiff was sent a closure letter dated March 15, 2023, that she says she had not previously received. (ECF No. 1 at 7.) Plaintiff questions why ORM continued to handle a matter she had been told was closed and maintains that these discrepancies denied her a fair opportunity to pursue her claims. (*Id.* at 6–7.) In addition, in her Amended Complaint Plaintiff characterizes the same events as "systemic misconduct, procedural obstruction, and due process failures." (ECF No. 28 at 1.) Plaintiff alleges that emails from this Court, including notice that she could amend, went to her junk folder and delayed her response; that senior ORM official James Jindra remained inactive despite her communications; and that the EEOC sent inconsistent notices or decisions about an appeal she believed had already been resolved. (*Id.* at 1–2, 5–8.) An attached September 25, 2024, email states that the EEOC's Office of Federal Operations had closed an appeal filed June 26, 2024; Plaintiff's accompanying email says she had previously received decisions concerning the same matter. (*Id.* at 7–8.) She also alleges that OSC failed to credit evidence she provided and that some entries in the Court's electronic docket appeared altered or missing. She requests an audit, preservation of records, the chance to resubmit entries, judicial oversight, and referral to oversight agencies. (*Id.* at 2.)

The Amended Complaint labels Count I as a Fifth Amendment due process claim under *Bivens*. (*See* ECF No. 28 at 1 (citing *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)).) Plaintiff alleges that VA officials engaged in "procedural sabotage" and generated duplicative closure records that restricted legal redress. (*Id.*) Count II invokes § 1983, alleging that federal officials conspired to obstruct this civil action by "falsifying records, misrouting communications, and tampering with procedural timelines." (*Id.*) Although a section headed "Applicable Law" also lists the Privacy Act, 5 U.S.C. § 552a, Rehabilitation Act, 29 U.S.C. § 791, Whistleblower Protection Act, 5 U.S.C. § 2302, and Federal Records Act, 44 U.S.C. § 3101, Plaintiff does not set out separate counts under those statutes or identify their elements as independent claims. (*Id.* at 2.) The Court addresses the claims she identifies and preserves, without deciding the sufficiency of unpleaded statutory causes of action.

In her supplement, Plaintiff disputes that the Amended Complaint abandons her original claims. (ECF No. 31 at 2.) She describes one continuing pattern of retaliation for protected activity, obstruction of the EEOC and ORM processes, suppression of records, and interference with administrative and judicial remedies. (*Id.*) The Court accordingly considers her original factual allegations and her Title VII and ADEA theories along with her amended and supplemental allegations. Plaintiff's opposition adds details about an allegedly altered serial number on her work laptop, reported access to her home network, medical accommodations, and the administrative investigation. (ECF No. 34 at 1–3.) It attaches her February 2024 EEOC appeal, which again recounts her reports to VA personnel and her dissatisfaction with ORM's inquiry. (*Id.* at 5–7.) The Court considers that submission insofar as it clarifies the claims, but an opposition cannot itself substitute for a properly pleaded amended complaint. *See Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988).

## III. PROCEDURAL HISTORY

This Court dismissed the original Complaint without prejudice on July 29, 2025. *See Brown v. Sec'y of Dep't of Veterans Affairs*, No. 24-8196, 2025 WL 2142433, at *5–7 (D.N.J. July 29, 2025). The Court concluded that Plaintiff had not alleged facts permitting a reasonable inference that the conduct she challenged was caused by identifiable protected EEO activity. *Id.* at *5–6. The dismissal granted leave to amend, while declining to resolve the Secretary's exhaustion defense on the face of the pleadings. *Id.* at *4–5, *7. Plaintiff filed the Amended Complaint on August 4, 2025, and her supplement on August 15, 2025. (ECF Nos. 28, 31.)

The VA contends that the new allegations do not cure the missing causal link in the Title VII and ADEA claims; that sovereign immunity bars the *Bivens* claim against a Secretary sued only in his official capacity; and that § 1983 does not reach the alleged acts of federal VA

officials. (ECF No. 32 at 3–6.) The VA also argues that naming the Secretary individually would be futile because the pleading identifies no personal involvement and this is not a recognized *Bivens* context. (*Id.* at 5 n.3.) Plaintiff opposes dismissal and emphasizes the claimed pattern of retaliation and procedural irregularities. (ECF No. 34 at 1–3.) In reply, the VA maintains that the opposition does not cure the pleaded deficiencies. (ECF No. 38 at 2.)

## IV. LEGAL STANDARD

### A. Fed. R. Civ. P. 12(b)(1)

Under Federal Rule of Civil Procedure Rule 12(b)(1), a defendant may seek dismissal of a complaint based on a court's lack of subject matter jurisdiction. "At issue in a Rule 12(b)(1) motion is the court's 'very power to hear the case.'" *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) (citing *Marbury v. Madison*, 1 Cranch (5 U.S.) 137, 173–180 (1803)). Thus, where a court lacks subject matter jurisdiction, it must dismiss the case without prejudice. *In re Orthopedic "Bone Screw" Prod. Liab. Litig.*, 132 F.3d 152, 155–56 (3d Cir. 1997); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The plaintiff bears the burden of proving that the court has subject matter jurisdiction. *Mortensen,* 549 F.2d at 891.

### B. Fed. R. Civ. P. 12(b)(6)

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in Plaintiff's complaint and draw all reasonable inferences from those allegations in the light most favorable to Plaintiff. *See Phillips*

*v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). The Court, however, need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Plaintiff's complaint need only contain factual allegations amounting to "more than an unadorned, the-defendant-unlawfully-harmed-me accusation[s]," rather than "detailed factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)).

Complaints subject to dismissal under Rule 12(b)(6) are generally analyzed under the pleading standard set forth in Rule 8(a), which demands that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557).

Additionally, where, like here, a plaintiff proceeds *pro se*, her pleading is liberally construed and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal quotation marks omitted). Even

so, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## V. DISCUSSION

Plaintiff's Title VII and ADEA theories still lack facts linking an adverse action or alleged harassment to protected activity. The two new claims fail for different reasons: sovereign immunity bars the official-capacity Bivens claim, and § 1983 requires action under color of state law. The Court also considers whether an amendment naming an individual VA employee could cure the constitutional claim.

### A. Title VII and ADEA Retaliation

Federal employment discrimination and retaliation claims are governed by Title VII, 42 U.S.C. §§ 2000e-16(a), 2000e-3(a), and the federal-sector ADEA provision, 29 U.S.C. § 633a(a). *See also Gomez-Perez v. Potter*, 553 U.S. 474, 479–80 (2008) (recognizing retaliation claims under the federal-sector ADEA provision). At the pleading stage, Plaintiff need not establish a prima facie case or prove retaliatory motive; but she must allege facts supporting a reasonable inference that protected EEO activity caused the challenged treatment. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 788–89, 793 (3d Cir. 2016); *Carvalho-Grevious v. Del. State Univ.*, 851 F.3d 249, 259 (3d Cir. 2017). A retaliation claim may rest on conduct that would dissuade a reasonable worker from making or supporting a discrimination charge; it is not limited to changes in pay or position. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67–68 (2006). A retaliatory work environment likewise requires facts connecting the challenged environment to protected activity. *See Jensen v. Potter*, 435 F.3d 444, 448–49, 453–54 (3d Cir. 2006), *overruled in part on other grounds by Burlington Northern*, 548 U.S. at 67–68.

Plaintiff alleges that she pursued EEO complaints and describes events that she found harmful, including the denial of a pay increase, calls and computer incidents, delayed accommodation equipment, unpaid leave, and deficiencies in the administrative process. (ECF No. 1 at 3, 6–7; ECF No. 28 at 1–2.) The Court does not discount her description of those experiences. But she does not identify when the alleged campaign began in relation to a particular protected complaint, what any relevant decisionmaker knew about that complaint, or other facts connecting the challenged conduct to a retaliatory motive. The statement that harassment increased after an EEO case in January 2020 supplies neither a date for the increase nor a factual link to the officials responsible for particular acts. (ECF No. 1 at 6.) The Amended Complaint focuses instead on events in 2024 and 2025, after Plaintiff filed this suit, without identifying how those events show that the earlier workplace decisions were retaliatory. (ECF No. 28 at 1–2; ECF No. 31 at 2.)

Moreover, the allegations concerning the within-grade increase do not cure the deficiency identified in the prior opinion. Plaintiff does not allege that the supervisor who denied it knew of her protected activity or describe circumstances suggesting the decision was retaliatory. *Brown*, 2025 WL 2142433, at *6. Her allegations concerning the calls, records, surgery, and equipment likewise do not explain who undertook the acts, when the relevant officials learned of her EEO activity, or why those events may reasonably be attributed to that activity. (ECF No. 1 at 6–7.) Plaintiff's opposition's further account of an altered laptop serial number and a deficient investigation adds detail about the alleged events but not a plausible causal connection to protected EEO conduct. (ECF No. 34 at 1–3, 5–7.) A single asserted "continuous" pattern does not supply those missing facts. (ECF No. 31 at 2.)

Plaintiff also describes racialized remarks, including the alleged watermelon comment, and invokes race and age in her original pleading. (ECF No. 1 at 6–7.) As this Court previously

explained, the claims pleaded concern retaliation and a retaliatory work environment. *Brown*, 2025 WL 2142433, at *1, *5–6. To the extent Plaintiff intends to raise an independent disparate-treatment claim, the amended filing does not identify an age-based remark or facts connecting a particular employment action to race or age. The Court does not decide whether a properly pleaded, separately exhausted discrimination claim might be available on different allegations. Crucially, the claims now pleaded fail on causation. Additionally, the Court does not reach the reserved exhaustion defense because it grants the VA's Motion to Dismiss on other grounds. *Id.* at *4–5.

**B. Fifth Amendment and *Bivens***

Plaintiff sues the Secretary as the head of the VA, without alleging that he personally did anything to her or stating that she sues him in an individual capacity. A *Bivens* damages action runs against a federal officer personally, not the United States or a federal agency. *FDIC v. Meyer*, 510 U.S. 471, 484–86 (1994). An official-capacity damages claim is therefore barred by sovereign immunity. *See Brazelton v. Holt*, 462 F. App'x 143, 145–46 (3d Cir. 2012). The Court dismisses that claim under Rule 12(b)(1) without prejudice for lack of jurisdiction.

Moreover, simply naming a VA official individually would not salvage this theory. The Supreme Court has recognized an implied *Bivens* damages action in three settings: a Fourth Amendment search and seizure, Fifth Amendment sex discrimination by a member of Congress against an employee, and Eighth Amendment deliberate indifference to a federal prisoner's medical needs. *Egbert v. Boule*, 596 U.S. 482, 490–92 (2022) (discussing *Bivens*, *Davis v. Passman*, 442 U.S. 228 (1979), and *Carlson v. Green*, 446 U.S. 14 (1980)). A claim presenting a meaningfully different context requires a new remedy, which courts generally may not create when Congress is better positioned to weigh the costs and benefits; this includes where an alternative

remedial structure exists. *Id.* at 492–93; *Fisher v. Hollingsworth*, 115 F.4th 197, 204–07 (3d Cir. 2024).

Plaintiff's asserted Fifth Amendment wrong is that federal personnel mishandled her workplace grievances, failed to investigate suspected computer access and retaliation, supplied inconsistent closure information, and impaired her access to administrative or judicial relief. (ECF No. 1 at 6–7; ECF No. 28 at 1–2; ECF No. 31 at 2.) That is meaningfully different from the sex-based termination by a Congressman in *Davis*. It would require extending *Bivens* into federal employment grievance procedures. The Supreme Court declined to create a constitutional damages action for a federal employee's claim against his supervisor in light of Congress's civil-service remedial scheme, even though the statutory remedies were not as complete as the requested damages remedy. *Bush v. Lucas*, 462 U.S. 367, 385–90 (1983). Here, too, the statutory and administrative framework for federal employment and EEO complaints counsels against a new judicial damages action. Plaintiff's dissatisfaction with the handling or outcome of her complaints does not authorize a separate *Bivens* remedy. *Egbert*, 596 U.S. at 493–96. To the extent her opposition mentions the First Amendment, (ECF No. 34 at 1), *Egbert* independently forecloses a new *Bivens* action for First Amendment retaliation. 596 U.S. at 498–99.

The pleaded facts present further obstacles even apart from the unavailability of the remedy. Plaintiff identifies no act personally taken by the Secretary; supervisory status alone does not establish individual constitutional liability. *Iqbal*, 556 U.S. at 676. Her assertion of a procedural due process violation identifies no particular protected liberty or property interest taken away by the alleged deficiencies in investigating her complaints or closing an appeal. *See Hill v. Borough of Kutztown*, 455 F.3d 225, 233–34 (3d Cir. 2006). Nor does the allegation of restricted "legal redress" identify a lost, nonfrivolous underlying claim and a remedy that she could not otherwise

obtain—the requirements of a backward-looking access-to-courts claim. *Christopher v. Harbury*, 536 U.S. 403, 413–16 (2002). Indeed, her submissions describe an EEOC appeal and this civil action. (ECF No. 28 at 5–8; ECF No. 34 at 4–6.) The Court need not decide those issues as independent grounds for a merits judgment against a hypothetical individual defendant. They confirm that changing the caption alone would not cure the pleading.

**C. Section 1983**

Section 1983 supplies a remedy for a federal-rights violation committed under color of state law. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48–49 (1988). Federal officers acting under federal authority do not ordinarily meet that requirement, although a federal official who acts in concert with a state official may in appropriate circumstances act under color of state law. *Hindes v. FDIC*, 137 F.3d 148, 158 (3d Cir. 1998). Plaintiff expressly attributes her allegations to VA officials "acting under color of federal authority," and describes no state official's participation or joint action. (ECF No. 28 at 1.) Her assertion that the alleged acts are similar to abuses prohibited by § 1983 cannot substitute for state action. Plaintiff also does not allege the Secretary's personal participation. Thus, the § 1983 claim fails under Rule 12(b)(6). The references to 18 U.S.C. §§ 242 and 1519 do not make the federal conduct state action or establish a private claim under those criminal provisions. (ECF No. 28 at 1.)

**D. Leave to Amend**

A district court should generally offer a pro se litigant leave to amend unless amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 114 (3d Cir. 2002). The Court already identified the missing causal link and afforded Plaintiff an opportunity to amend her Title VII and ADEA claims. *Brown*, 2025 WL 2142433, at *6–7. Her amended and

supplemental submissions, considered together with the original Complaint and opposition, add allegations about the administrative proceedings but no concrete facts tying an employment action or retaliatory environment to protected EEO activity. Further leave on the same theories would be futile. The § 1983 defect is inherent in the allegation that the officials acted under federal authority, and an individual-capacity *Bivens* action in the new context asserted here cannot proceed under *Egbert* and *Bush*. Therefore, the Court denies further leave to amend these claims. The jurisdictional dismissal of the official-capacity *Bivens* claim remains without prejudice; the other pleaded claims are dismissed with prejudice.

## VI. CONCLUSION

For the reasons articulated above, the VA's Motion to Dismiss (ECF No. 32) Plaintiff's Amended Complaint (ECF No. 28) is hereby **GRANTED**. Plaintiff's official-capacity *Bivens* claim is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction under Rule 12(b)(1). Her Title VII, ADEA, and § 1983 claims are **DISMISSED WITH PREJUDICE** under Rule 12(b)(6). Further leave to amend is denied as futile. An appropriate Order follows.

Date: September 29, 2026

KAREN M. WILLIAMS
U.S. DISTRICT COURT JUDGE